## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff,**

**v.**                                         **Case No. 07-20018-03-JWL**

**Troy Jarrett,**

        **Defendant.**

### MEMORANDUM & ORDER

In February 2009, defendant Troy Jarrett pled guilty to one count of conspiracy to distribute or possess with intent to distribute more than five kilograms of cocaine and to manufacture, distribute, or possess with intent to distribute more than fifty grams of cocaine base. In May 2009, the court sentenced Mr. Jarrett to 120 months' imprisonment. This matter is presently before the court on Mr. Jarrett's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). As will be explained, the motion is denied.

In his motion, Mr. Jarrett seeks relief based on the Fair Sentencing Act of 2010 in which Congress amended 21 U .S.C. § 841(b)(1)(A)(iii) to provide a mandatory minimum sentence of 10 years for 280 grams or more of cocaine base and to provide a mandatory minimum sentence of 5 years for 28 or more grams of cocaine base. *See United States v. Lucero*, 713 F.3d 1024, 1026 (10th Cir. 2013) (FSA increased the amount of cocaine base necessary to trigger the ten-year mandatory minimum from 50 grams to 280 grams). The Fair Sentencing Act of 2010 became effective on August 3, 2010 and it is well established in the Tenth Circuit that the Fair Sentencing Act does not apply retroactively to those defendants, like Mr. Jarrett, sentenced prior

to the Fair Sentencing Act's effective date of August 3, 2010. *Id*. at 1027-28. To avoid this result, Mr. Jarrett urges this court to follow the Sixth Circuit's decision in *United States v. Blewett*, 719 F.3d 482 (6th Cir. 2013). In *Blewett*, the Sixth Circuit held that the Fair Sentencing Act of 2010 must be applied retroactively to defendants sentenced prior to its enactment pursuant to the Equal Protection Clause. *See id.* This argument fails for two reasons. First, this court is required to follow the law of the Tenth Circuit, which has unequivocally held that the Fair Sentencing Act of 2010 does not apply retroactively to defendants sentenced prior to August 3, 2010. *Lucero*, 713 F.3d at 1027-28. Second, the en banc Sixth Circuit vacated the panel decision in *Blewett* such that the sole case upon which Mr. Jarrett relies is no longer "good law" in any event. *See United States v. Blewett*, 746 F.3d 647 (6th Cir. 2013) (en banc).

Mr. Jarrett also requests in his motion that the court credit against his federal sentence twenty-eight months that he served on a state conviction that was occasioned by conduct that was charged in Mr. Jarrett's federal case. The court denies this aspect of Mr. Jarrett's motion because Mr. Jarrett's reason for the requested modification of his sentence is not among the reasons authorized in 18 U.S.C. § 3582.

For the foregoing reasons, Mr. Jarrett's motion is denied.[1]

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Jarrett's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 405) is **denied.**

---

[1] In its response to Mr. Jarrett's motion, the government explains at some length why Mr. Jarrett is not entitled to a sentence reduction based on Amendment 750 to the United States Sentencing Guidelines. Because Mr. Jarrett has not raised that argument, the court need not address it.

**IT IS SO ORDERED.**


Dated this 7th day of August, 2014, at Kansas City, Kansas.


s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
