# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

United States of America,

   **Plaintiff,**

v.             **Case No. 07-20018-03-JWL**

Troy Jarrett,

   **Defendant.**

## <u>MEMORANDUM & ORDER</u>

In February 2009, defendant Troy Jarrett pled guilty to one count of conspiracy to distribute or possess with intent to distribute more than five kilograms of cocaine and to manufacture, distribute, or possess with intent to distribute more than fifty grams of cocaine base. In May 2009, the court sentenced Mr. Jarrett to 120 months' imprisonment. This matter is before the court on Mr. Jarrett's pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in which Mr. Jarrett asks the court to reduce his sentence based on Amendment 782 to the United States Sentencing Guidelines which took effect on November 1, 2014 and lowers the base offense levels in the Drug Quantity Table.   As will be explained, the motion is dismissed because the court lacks jurisdiction to reduce Mr. Jarrett's sentence.

Section 3582 allows a court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . consistent with the applicable policy statement issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).  The policy statement to which § 3582(c)(2) refers is § 1B1.10 of the United States Sentencing Guidelines.  Section 1B1.10

allows a court to reduce a term of imprisonment under § 3582(c) provided that the guideline range applicable to the defendant was subsequently lowered by one of the specific amendments to the Guidelines listed in § 1B1.10(c).  U.S.S.G. § 1B1.10(a)(1).  Section 1B1.10(a)(2) provides that a reduction is not authorized if the retroactive amendments do not apply to the defendant or do not have the effect of lowering the applicable guideline range.

Amendment 782 does not have the effect of reducing Mr. Jarrett's applicable guideline range.  At the time of sentencing, Mr. Jarrett was held accountable for an "estimated 100 kilograms of cocaine base," resulting in a base offense level of 38 pursuant to the drug quantity table in U.S.S.G. § 2D1.1(c) which, at that time, assigned a base offense level of 38 for 4.5 kilograms or more of cocaine base.  Mr. Jarrett also received a mitigating role reduction which brought his base offense level to 34.  *See* U.S.S.G. § 2D1.1(a)(3).  Under Amendment 782, the drug quantity table assigns a base offense level of 38 for 25.2 kilograms or more of cocaine base.  Thus, the drug quantities for which Mr. Jarrett was held responsible still results in a starting base offense level of 38 and, with the mitigating role reduction, an adjusted base offense level of 34.  In other words, because of the large quantity of cocaine base for which Mr. Jarrett was held accountable, his base offense level remains unchanged by Amendment 782.  Because Amendment 782 does not have the effect of lowering the applicable guideline range, the court is not authorized to reduce Mr. Jarrett's sentence.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Jarrett's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 416) is dismissed.

**IT IS SO ORDERED.**


Dated this 22nd day of April, 2015, at Kansas City, Kansas.


s/ John W. Lungstrum
John W. Lungstrum
United States District Judge